UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 6:21-CR-00176-ADA |
| | § | |
| (1) RONALD KYLE III, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDRE OF DETENTION PENDING SUPERVISED RELEASE REVOCATION HEARING**

On this day came on to be heard the Defendant's Motion for Release from Custody Pending Revocation (ECF No. 51) and Defendant's Supplemental Motion for Release from Custody (ECF No. 57). Having reviewed the motions, the filings of the parties, and the arguments of counsel at the June 11, 2024, hearing, the Court **GRANTS** Defendant's Motions for the following reasons.

**I. BACKGROUND**

On June 29, 2022, Defendant was sentenced to twenty-one (21) months imprisonment, followed by a three (3) year term of supervised release for an assault conviction. ECF No. 44 at 1. Defendant's supervision began on May 11, 2023. *Id*. On August 11, 2023, while on supervised release and in Chicago with the permission of his probation officer, Defendant was arrested by the Chicago Police Department and charged with aggravated unlawful use of a weapon. ECF No. 43 at 2.

On October 24, 2023, a Probation Form 12A Report on Offender under Supervision (the "12A Report") was filed and requested no action by the Court. *Id*. The 12A Report also noted that Defendant was "currently on home confinement via electronic monitor in Chicago." *Id*. The 12A Report was approved by the Court for no action as requested. *Id*. On May 15, 2024, Defendant's probation officer filed a 12C Petition based on the same August 11, 2023, arrest and requested a

warrant, which the Court approved and issued. ECF No. 44 at 2.

At the June 11, 2024 hearing, it became clear that the key change between the 12A Report and 12C Petition was that on May 1, 2024, the Chicago Court issued a Criminal Disposition Order relieving Defendant of his electronic monitoring requirement. *See* ECF No. 57-1 at 3. The lack of electronic monitoring appears to have been the primary reason for the 12C Petition requesting a warrant for Defendant's arrest. The Chicago case against Defendant remains pending and has an upcoming July 1, 2024 trial setting *Id*. The final supervised release revocation hearing in this case is set for July 2, 2024 at 10:00 a.m. in Waco. ECF No. 55.

Defendant filed the present motion and supplement arguing that his continued supervision between the incident in Chicago in August of 2023 until he self-surrendered for arrest in this district on May 23, 2024, demonstrates by clear and convincing evidence that he poses neither a risk of flight nor danger to any other person the community. ECF Nos. 51 & 57.

## II. ANALYSIS

When appearing before a magistrate judge on allegations of a supervised release violation, Federal Rule of Criminal Procedure 32.1(a)(6) states that "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." *See also* Fed. R. Crim. P. 46(d) (stating that "Rule 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release."). 18 U.S.C. § 3143(a)(1), in turn, states that the person must "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." *See also U.S. v. Lopez-Tomasini,* No. 20-1191, 2020 WL 12309185, at *1 (1st Cir. Feb. 25, 2020) (discussing the relationship between Rule 32.1(a)(6) and § 3143(a)(1)). Rule 32.1(a)(6) places the burden of proof on the defendant by a clear and convincing standard.

The Court held a hearing at which Defendant proved by clear and convincing evidence that he will not pose a risk of flight, nor will he pose a danger to the safety of others if he is released on bond with the additional requirement of electronic monitoring. Between his arrest in Chicago and being placed on electronic monitoring and until that electronic monitoring was removed, Defendant's probation officer did not appear concerned about Defendant being on release pending a revocation hearing of his supervised release. It was only when the electronic monitoring was terminated that his probation officer sought a warrant for Defendant's arrest. Aside from the incident in Chicago, the Court is aware of no other violations of Defendant's supervised release—which began in May of 2023. Accordingly, the Court will allow Defendant to remain on bond pending a final supervised release revocation hearing in this case and will allow Defendant to travel to Chicago, with prior approval from his probation officer, for hearings involving the Chicago charges.

Accordingly, the Defendant is ordered released on bond, with the standard conditions of bond to apply, as well as the additional requirements that Defendant be placed on an electronic monitoring system as deemed acceptable by Defendant's probation officer, and that Defendant be allowed to travel to Chicago, with prior approval from his probation officer, for hearings involving the Chicago charges.

SIGNED AND ENTERED this 11th day of June, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE