UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 6:21-CR-00176-ADA |
| (1) RONALD KYLE III, | § § | |
| Defendant. | § § § | |

## AMENDED ORDER OF DETENTION PENDING SUPERVISED RELEASE REVOCATION HEARING

On this day came on to be heard the Defendant's Motion for Release from Custody Pending Revocation (ECF No. 51) and Defendant's Supplemental Motion for Release from Custody (ECF No. 57). Having reviewed the motions, the filings of the parties, and the arguments of counsel at the June 11, 2024, hearing, the Court **GRANTS** Defendant's Motions for the following reasons.

## I. BACKGROUND

On June 29, 2022, Defendant was sentenced to twenty-one (21) months imprisonment, followed by a three (3) year term of supervised release for an assault conviction. ECF No. 44 at 1. Defendant's supervision began on May 11, 2023. *Id*. On August 11, 2023, while on supervised release and in Chicago with the permission of his probation officer, Defendant was arrested by the Chicago Police Department and charged with aggravated unlawful use of a weapon. ECF No. 43 at 2.

On October 24, 2023, a Probation Form 12A Report on Offender under Supervision (the "12A Report") was filed and requested no action by the Court. *Id*. The 12A Report also noted that Defendant was "currently on home confinement via electronic monitor in Chicago." *Id*. The 12A Report was approved by the Court for no action as requested. *Id*. On May 15, 2024, Defendant's

probation officer filed a 12C Petition based on the same August 11, 2023, arrest and requested a warrant, which the Court approved and issued. ECF No. 44 at 2.

At the June 11, 2024 hearing, it became clear that the key change between the 12A Report and 12C Petition was that on May 1, 2024, the Chicago Court issued a Criminal Disposition Order relieving Defendant of his electronic monitoring requirement. *See* ECF No. 57-1 at 3. The lack of electronic monitoring appears to have been the primary reason for the 12C Petition requesting a warrant for Defendant's arrest. The Chicago case against Defendant remains pending and has an upcoming July 1, 2024 trial setting *Id*. The final supervised release revocation hearing in this case is set for July 2, 2024 at 10:00 a.m. in Waco. ECF No. 55.

Defendant filed the present motion and supplement arguing that his continued supervision between the incident in Chicago in August of 2023 until he self-surrendered for arrest in this district on May 23, 2024, demonstrates by clear and convincing evidence that he poses neither a risk of flight nor danger to any other person the community. ECF Nos. 51 & 57.

## II. ANALYSIS

When appearing before a magistrate judge on allegations of a supervised release violation, Federal Rule of Criminal Procedure 32.1(a)(6) states that "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." *See also* Fed. R. Crim. P. 46(d) (stating that "Rule 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release.").  18 U.S.C. § 3143(a)(1), in turn, states that the person must "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." *See also U.S. v. Lopez-Tomasini,* No. 20-1191, 2020 WL 12309185, at *1 (1st Cir. Feb. 25, 2020) (discussing the relationship between Rule 32.1(a)(6) and § 3143(a)(1)).  Rule 32.1(a)(6) places the burden of proof

on the defendant by a clear and convincing standard.

The Court held a hearing at which Defendant proved by clear and convincing evidence that he will not pose a risk of flight, nor will he pose a danger to the safety of others if he is released on bond with the additional requirement of electronic monitoring. Between his arrest in Chicago and being placed on electronic monitoring and until that electronic monitoring was removed, Defendant's probation officer did not appear concerned about Defendant being on release pending a revocation hearing of his supervised release. It was only when the electronic monitoring was terminated that his probation officer sought a warrant for Defendant's arrest. Aside from the incident in Chicago, the Court is aware of no other violations of Defendant's supervised release—which began in May of 2023. Accordingly, the Court will allow Defendant to remain on bond pending a final supervised release revocation hearing in this case and will allow Defendant to travel to Chicago, with prior approval from his probation officer, for hearings involving the Chicago charges.

It is ORDERED that the Defendant is ordered released on bond release, subject to the following conditions:

1. The Defendant must not violate federal, state, or local law while on release.

2. The Defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

3. The Defendant is ordered released to a residence that is acceptable to Defendant's probation officer.

4. The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

5. Defendant must submit to supervision by, and report for supervision, to the U.S. Probation Office as directed by Defendant's probation officer.

6. Defendant must not possess a firearm, destructive device, or other weapon.

7. Defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

8. Defendant shall submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The Defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

9. Defendant shall participate in the Location Monitoring Program (**Home Detention**) for a period of time until the final revocation hearing is heard, which will include remote location monitoring using **Active** Global Positioning Satellite (GPS) tracking. The Defendant shall abide by the rules and regulations of the Participant Agreement Form. During this time, the Defendant shall remain at the place of residence except for employment and other activities approved in advance by his probation officer. At the instruction of the probation officer, the Defendant shall wear a transmitter and be required to carry a tracking device. The Defendant shall pay for the costs of the program if financially able.

10. Defendant shall be subjected to **Active** Global Positioning System (GPS) monitoring for a period of time until the final revocation hearing is heard, which shall be utilized for purposes verifying compliance with any court-imposed condition of supervised

release in this case. The defendant shall pay for the costs of the program if financially able.

11. Defendant shall report as soon as possible, to his probation officer, every contact with law enforcement, including arrests, questioning, or traffic stops.

12. Defendant shall be allowed to travel to Chicago, with prior approval from his probation officer, for hearings involving the Chicago charges.

SIGNED AND ENTERED this 17th day of June, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE