# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# WACO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v. § | **CRIMINAL NO. 6:21-CR-176(1)-ADA** |
| § | |
| **RONALD KYLE, III** § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.   PROCEDURAL BACKGROUND

The defendant was convicted of Assault, in violation of 18 U.S.C. § 111(a)(1). The Court sentenced the defendant to 21 months of imprisonment, followed by three years of supervised release; a $100.00 special assessment; a $100.00 fine; and special conditions as ordered. On May 11, 2023, the defendant was released to supervision. On December 13, 2024, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under

1

Supervision, alleging the defendant violated the terms of his supervision and seeking a show-cause hearing as to why the defendant's supervision should not be revoked. The amended petition alleges the defendant violated the terms of his supervision in the following instances:

**Violation Number 1**: The defendant violated his mandatory condition number 1, in that on or about August 11, 2023, he knowingly carried on his person or in his vehicle an unlicensed firearm that was uncased, loaded, and immediately accessible to the defendant, in violation of Illinois Statutes Chapter 720 § 24-1.6 (A-5), a "Class 4" felony.

**Violation Number 2:** The defendant violated his mandatory condition number 7, in that on or about December 13, 2024, he failed to pay his fine.

**Violation Number 3:** The defendant violated his mandatory condition number 8, in that on or about December 13, 2024, he failed to pay his special assessment.

**Violation Number 4:** The defendant violated standard condition Number 5, in that on or about May 8, 2024, the defendant failed to live at a place approved by the probation officer.

**Violation Number 5:** The defendant violated standard condition Number 10, in that on or about August 11, 2023, the defendant possessed or had access to a firearm.

At the hearing, the government abandoned Violation 1 and Violation 5. The defendant pleaded true to violations 2, 3, and 4. The government presented evidence that would support a finding of true, by a preponderance of the evidence, as to the violations.

## II. <u>FINDINGS OF THE COURT</u>

1. The defendant violated the conditions of his supervision as alleged in the petition.

2. The defendant was competent to make the decision to enter a plea to the allegations.

3. The defendant had both a factual and rational understanding of the proceedings against him.

4. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

7. The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The defendant understood his statutory and constitutional rights and desired to waive them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties. Given the extended time the defendant has already served on home confinement and that he has now paid his fine, the undersigned finds a downward departure from the sentencing guidelines is appropriate and **RECOMMENDS** that the defendant's supervised release be revoked and that he be remanded to the custody of the U.S. Marshal for ten (10) days, with no term of supervised release to follow.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 11th day of February 2025.

_____
**DEREK T. GILLILAND**
**UNITED STATES MAGISTRATE JUDGE**